**WEBSTER MOTOR CAR CO., Plaintiff,**

**v.**

**PACKARD MOTOR CAR CO., Defendant.**

**Civ. A. No. 674–53.**

United States District Court
District of Columbia.

Dec. 17, 1958.

See also 166 F.Supp. 865, cross appeal dismissed 100 U.S.App.D.C. 161, 243 F.2d 418.

William J. Hughes, Jr., Washington, D. C., for plaintiff.

Robert W. Barker, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

In this case the plaintiff recovered judgment, D.C., 135 F.Supp. 4, and the defendant appealed therefrom. Pending appeal, the defendant procured a supersedeas and, as a condition of the grant of a supersedeas, posted a supersedeas bond.

The Court of Appeals, 100 U.S.App. D.C. 161, 243 F.2d 418 reversed the judgment and directed that the complaint be dismissed on the merits. The Court of Appeals awarded costs for a certain period specified by it to the prevailing appellants. The appellants in the Court of Appeals, that is, defendants in this Court, then proceeded to present a bill of costs to the Clerk of this Court in pursuance of the accepted practice. One of the items in the bill of costs was the premium paid by the defendants to a surety company from which the supersedeas bond was procured. The Clerk disallowed that item.

The matter is now before this Court on the defendant's motion to review the action of the Clerk in disallowing this item.

 Whether a premium in a supersedeas bond is a taxable item of costs has never been passed upon in any reported decision in the District of Columbia Circuit either by the United States Court of Appeals or by the District Court. The matter is not covered by any rule or order of the Court. The usage in this jurisdiction, however, has been continuously not to allow such an item to be taxed. It is true, as is pointed out by counsel, that a number of the circuits allow such an item to be taxed; some others expressly hold the other way. It has been well established, however, that continued usage and practice must govern the determination of what items are or are not taxable as costs, in the absence of any rule or order of the Court or in the absence of any controlling decisions.

As has already been stated, the usage and practice in this jurisdiction has not been to allow such an item to be taxed as costs. I see no reason for my upsetting a long established usage and practice on such a point as this. Moreover, this Court is of the opinion that there is a good reason for the practice followed in this jurisdiction. It was not mandatory or compulsory for the defendant to file a surety company bond as a condition of procuring a supersedeas pending appeal. Security could have been given by the deposit of money in the registry of the Court or by the deposit of appropriate securities likewise in the registry of the Court. If that course had been followed, the cost of the bond would have been avoided. To be sure, it might have been more convenient for the defendant to post a surety company bond instead of depositing money or securities in the registry of the Court in order to procure a supersedeas, but considerations of the defendant's convenience should not result in burdening the opposing party with the amount of the premiums that the defendant had to pay for the supersedeas bond.

In view of the foregoing considerations, the motion to re-tax costs is denied.